**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-14068-CR-CANNON/MAYNARD**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**BRITTANY LYN DURKIN,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change her plea in this criminal case on March 6, 2023.

2. I advised the Defendant of her right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that she did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. DE 96. I reviewed the Plea Agreement on the record and had the Defendant acknowledge that she signed the Plea Agreement. The Defendant pleaded guilty to Counts Two and Three of the Indictment. Count Two charges her with possession with intent to distribute a controlled substance, that is, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. Count Three charges her with possession with intent to distribute a controlled substance, that is, five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.

5. I reviewed with the Defendant the mandatory minimum penalties and maximum penalties applicable to Counts Two and Three. The Defendant acknowledged that she understood the mandatory minimum and maximum penalties that could be imposed in her case.

6. The parties agree in the Plea Agreement to make certain additional recommendations to the District Court regarding the sentence to be imposed in this case. I explained to the Defendant that, although the parties may agree to make these recommendations, they are not binding on the probation office or the District Court, and the Defendant may not withdraw her plea based upon the District Court's decision not to accept these or any other sentencing recommendations.

7. The Plea Agreement contains an appeal waiver in which the Defendant waives her right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to the Defendant. The Defendant

acknowledged that she understands the appeal waiver, has discussed it with her attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, she has waived or given up her right to appeal.[1] As a result, I recommend to the District Court that the Defendant be found to have knowingly and voluntarily waived her right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

8. The parties submitted a written Factual Proffer which was signed by counsel for the Government, counsel for the Defendant, and the Defendant.  DE 97. The Factual Proffer was read into the record and has been filed in this case.  The Defendant acknowledged that she signed the Factual Proffer, understands it, and has had the opportunity to fully discuss it with her attorney. The Defendant agreed that the Factual Proffer accurately sets forth the facts in her case as she understands them to be.  I find that the Factual Proffer sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters her plea of guilty to Counts Two and Three freely and voluntarily.  I accept her guilty plea and recommend to the District Court that it adjudicate her guilty of Counts Two and Three as charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that Defendant's plea of guilty to Counts Two and Three of the Indictment be accepted; that the Defendant be adjudicated

---

[1] Counsel for the Defendant, Assistant Federal Public Defender ("AFPD") Kafahni Nkrumah, indicated on the record that he could not sign the Plea Agreement per his Office's policy because it contained an appeal waiver.  AFPD Nkrumah verified, however, that he has discussed the appeal waiver with client and was confident that she understood it.

guilty of the offenses to which she pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 14th day of March, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE